FILED
SUPERIOR COURT
OF GUAM

2024 SEP -6 PM 2: 20

CLERK OF COURT

BY:_____/s/_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VERONICA L.G. PATAO and JOHNNIE L. PATAO, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUTH PACIFIC PETROLEUM CORPORATION, <br><br> Defendant. | CIVIL CASE NO. CV0379-23 <br><br> **DECISION AND ORDER** <br> *Re: Defendant's Motion for Physical Examination* |

On May 29, 2024, the Court heard Defendant South Pacific Petroleum Corporation's ("SPPC") Motion for Physical Examination ("Motion"). Attorney Deborah Fisher represented Plaintiffs Veronica L.G. Patao and Johnnie L. Patao (collectively, "Plaintiffs"), while Attorney Mitchell Thompson represented SPPC. After reviewing the arguments, briefs, and applicable law, the Court **GRANTS** SPPC's Motion.

## BACKGROUND

Plaintiffs filed their Complaint on June 23, 2023, alleging that Plaintiff Veronica suffered severe burns on her inner thighs and genitalia due to the negligence of SPPC employees, who allegedly improperly packaged two cups of dangerously hot arrozcaldo.

On March 13, 2024, SPPC filed the Motion under Guam Rules of Civil Procedure ("GRCP") Rule 35, requesting the Court to order Plaintiff Veronica to undergo a physical examination by Dr. Friedrich Bieling at Dr. Shieh's Clinic to assess the severity of her burns.

Plaintiffs filed an Opposition to the Motion on April 10, 2024. They did not oppose SPPC's procedural right to request a medical examination under GRCP 35 or the relevance of Plaintiff Veronica's medical condition to the case. However, they requested a female medical professional conduct the examination due to trauma Plaintiff Veronica alleges she experienced in her childhood.

SPPC filed its Reply on April 23, 2024, arguing that Plaintiffs did not present a valid objection to Dr. Bieling performing the examination. SPPC asserted that Dr. Bieling is qualified to perform the examination, that Plaintiffs had not sufficiently demonstrated that Plaintiff Veronica's trauma was so severe that she could not be examined by a male physician, and that Plaintiffs had not provided the name of any female health provider who could perform the examination.

After the hearing, the Court gave the parties until June 12, 2024, to find an alternative expert. Receiving no response, the Court took the matter under advisement on June 13, 2024.

## DISCUSSION

### I. Motion for Physical Exam

Pursuant to GRCP Rule 35:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place,

manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(b) Report of Examiner

(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that the party is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.

(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege the party may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine the party in respect of the same mental or physical condition.

Guam R. Civ. P. 35(a), (b).

While the Guam Supreme Court has not ruled on issues surrounding GRCP 35 at this time, the Supreme Court has held that, "because the [GRCP] are generally derived from … the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the [GRCP] are persuasive authority." *Government of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 9. Accordingly, the U.S. Supreme Court has held that FRCP 35 "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination has adequately demonstrated the existence of the Rule's requirements" that:

1. The physical condition to be examined has been placed in controversy; and that

2. The movant has shown good cause for the examination.

*Schlagenhauf v. Holder*, 379 U.S. 104, 117-120 (1964).

The U.S. Supreme Court has further held that when a plaintiff in a negligence suit asserts injury, as here, the plaintiff "places that ... injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*, at 119. The Plaintiffs expressly state that they do not challenge SPPC's procedural right to request a medical examination under GRCP 35. Thus, the Court finds as an initial matter that the injury is in controversy and that SPPC has shown good cause for an examination. The only issue in dispute, therefore, is whether to grant SPPC's request as-is or to apply the parameters requested by Plaintiffs.

**II.  Whether the Court should order that Dr. Bieling conduct the examination.**

SPPC specifically moves for the examination to be performed by Dr. Bieling. In determining whether to order Dr. Bieling to conduct the examination, the Court takes into consideration the following: (1) Dr. Bieling is a board-certified OB/GYN who has been practicing on Guam for more than seventeen (17) years; (2) the scope of the examination will be a physical examination of Plaintiff Veronica's inner thigh and genitalia, including functional testing and inquiry into related medical matters appurtenant to the examination; and (3) the examination is expected to take less than one hour.

Plaintiffs first argue that SPPC's right to compel a physical examination does not extend to an absolute right to determine that the examination be performed by a physician of SPPC's choice. Opp., at 2 (citing *Stinchcomb v. U.S.*, 132 F.R.D. 29, 30 (1990) (finding that a movant has no absolute right to an examination by a physician of their choice, and that the trial

court may require a showing of "medical acceptance and safety", and may weigh the need for a procedure against the pain and safety risks associated with it)). Plaintiffs similarly cite *Liechty v. Terrill Trucking Co.* for the proposition that, even when the trial court finds that selection of the examining physician is initially a prerogative of the moving party, the selection may become subject to the court's intervention if the parties cannot agree and if such intervention is necessary to address the examinee's safety and comfort concerns. 53 F.R.D 590, 591 (E.D. Tenn. 1971).

Finally, Plaintiffs cite to *Gale v. Nat'l Transp. Co*, in which that court denied that plaintiff's request for a female physician because said plaintiff provided no facts to demonstrate a preference for female physicians and because the physician who had been treating her in connection to the injuries alleged in the plaintiff's complaint were male. 7 F.R.D. 237, 238 (S.D.N.Y. 1946). Plaintiffs argue that, unlike the facts in *Gale*, despite the fact that Plaintiff Veronica was seen by male medical staff after her injury, her request for a female physician is substantiated by her documented and psychological medical history. Plaintiffs' sole evidence for this is Plaintiff Veronica's deposition statements, found in Razzano Decl., Exs. A-D (April 10, 2024). As part of the filing, Plaintiffs also submitted several pages from the websites of female OB/GYNs to demonstrate that alternative female physicians were available to conduct the examination. Razzano Decl., 11-16 (April 10, 2024).

In its Reply, SPPC argues that Plaintiffs have presented no valid objection to Dr. Bieling performing the examination. SPPC asserts that Dr. Bieling's gender is not a valid basis to object, and that other courts have rejected similar objections to having a male provider perform the examination of a female plaintiff. Specifically, SPPC cites to *Pierce v. Aveanna Healthcare, LLC,* 2023 WL 2754660 (W.D. Tex. 2023), *Shadix-Marasco v. Austin Regional*

*Clinic, P.A.*, 2011 WL 2011483 (W.D. Tex. 2011), and *Gale,* 7 F.R.D. 237 (S.D.N.Y. 1946).

SPPC further asserts that Plaintiff Veronica's deposition testimony was improperly attached to her counsel's declaration, and that counsel cannot properly authenticate an excerpt from a deposition transcript even if counsel was present at the deposition. (citing *Orr v. Bank of America NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). SPPC argues that, even if the testimony were admissible, it does not establish a valid objection to a male physician because Plaintiffs offer no medical or psychological records to demonstrate that Plaintiff Veronica was so traumatized that she could not be examined by a male physician, because Plaintiffs allegedly admit that she has been previously treated by male providers without apparent issue. (citing Opp. at 3), and because no psychiatrist, psychologist, or other medical professional has produced a statement to corroborate Plaintiffs' claim that her well-being would suffer from a male physician conducting the examination.

Finally, SPPC argues that Plaintiffs have provided no alternative provider, but have merely printed out the websites of clinics with female OB/GYNs. SPPC asserts that its counsel contacted one of the clinics, Sagua Mañagu, to see if any of their female physicians would be willing to conduct the examination and that the clinic did not reply. (citing Thompson Decl., Ex. C (April 23, 2024)). SPPC argues that, until Plaintiffs put forward the name of a physician willing to perform the examination, the Court should reject Plaintiffs' objection to Bieling.

At the hearing on May 29, 2024, Plaintiffs additionally cited *Pettinato v. EQR-Rivertower, LLC.,* 182 N.Y.S.3d 46, to support their case, stating that while *Gale* was a 1946 New York case, *Pettinato* was a 2023 New York case relevant to this issue. Plaintiffs specifically read from *Pettinato*: "We are indeed mindful that the manner in which a pelvic exam is performed may be embarrassing and even humiliating. Indeed, to alleviate plaintiff's

apprehensions we mandate that the procedure be conducted by a female doctor to be chosen by defendants." 182 N.Y.S.3d at 53. On the same day, Plaintiffs filed a Notice of Supplemental Authority with a copy of the case in full. On May 31, 2024, SPPC filed its Response to Plaintiffs' Supplemental Authority, noting that the *Pettinato* court also held that "[a] conjectural assertion that a medical exam might trigger an unsubstantiated PTSD condition is not sufficient to warrant limiting the scope of an otherwise appropriate [independent medical examination comprised of a comprehensive gynecological examination]." *Id.* at 52. Ultimately, however, the Court does not find *Pettinato* persuasive to this case. First, as the dissent in that case notes, "[t]he gender of the examining doctor [was] not at issue but the intrusive procedure itself." *Id.*, at 60, n.2 (Singh, J., dissenting in part). Second, while *Pettinato* is indeed a 2023 New York decision, it is, unlike *Gale,* issued from a New York state court, not a New York federal district court. Thus, the Court will not take *Pettinato* under consideration for the purposes of construing GRCP Rule 35.

"The manner and conditions of a court-ordered medical examination, as well as the designation of the person or persons to conduct such an examination, are vested in the sound discretion of the trial court." *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974) (construing the scope of the federal trial court's authority under FRCP 35).

Ultimately, the Court, in exercising its discretion, determines the manner and conditions of the examination. This exercise of discretion requires the Court to consider the reasonableness and fairness of the unique facts of the case in relation to the needs of the parties under the presented circumstances. In this case, the Court weighs the difficulties and discomfort posed by Plaintiff Veronica's asserted past traumatic history against SPPC's need to defend against the claims at the core of this litigation. If other options were available to

mitigate this competing interest, the Court would certainly consider them, and in fact has allowed the parties to attempt to develop other options.

Plaintiffs stated at the hearing that they would be willing to stipulate to Dr. Mariana Cook-Huynh of Sagua Mañagu conducting the examination if SPPC would agree to it, but there does not seem to have been any progress made toward securing her services or any other female physician's services, and it was not established at the hearing that any other female OB/GYN is available to perform the examination. Because Plaintiffs do not seem to have secured a qualified female physician to conduct the examination, even after having been given the opportunity to designate and confirm another physician, the Court has no current alternative. Accordingly, the Court in its exercise of its discretion finds that Dr. Bieling is appropriate and in fact the only option for the examination.

## III.    Plaintiff Veronica's Character

In its Reply, SPPC further challenges the truthfulness of Plaintiff Veronica's objections to the examination and assails Plaintiff Veronica's character for truthfulness based upon a prior conviction for theft and a judicial determination that she forged documents in relation to that theft, and upon other legal proceedings involving Plaintiff Veronica. Generally, SPCC attempts to challenge the credibility of her objections based upon this narrow class of character evidence governed by Guam Rules of Evidence 608 and 609.

However, this argument is not properly before the Court and involves evidence that is the subject of a motion scheduled to be heard. For the purposes of this motion, the evidence is not relevant for the Court's consideration, since the Plaintiffs do not challenge SPPC's procedural right to the examination and the Court has herein determined that there are no other options available than the examination as arranged by SPPC.

## CONCLUSION

There being no objection from Plaintiffs to the right to an exam, and there being no alternative physician to conduct said exam, the Court **ORDERS** the examination of Plaintiff Veronica L.G. Patao by Dr. Bieling, to take place at Dr. Shieh's clinic in Tamuning, Guam, no more than thirty (30) days from the issuance of this Order.

**IT IS SO ORDERED** _____SEP 0 6 2024_____.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam